**OZBURN–HESSEY LOGISTICS, LLC, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 11–1481, 12–1064.

United States Court of Appeals, District of Columbia Circuit.

May 15, 2015.

Benjamin H. Bodzy, Stephen Dorr Goodwin, Baker, Donelson, Bearman, Caldwell & Berkowtiz, PC, Nashville, TN, for Petitioner.

Linda Dreeben, Robert J. Englehart, John H. Ferguson, Zachary Robert Henige, National Labor Relations Board, Washington, DC, for Respondent.

Before: KAVANAUGH and SRINIVASAN, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This petition for review and cross-application for enforcement of a National Labor Relations Board order were presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the Board's cross-application for enforcement be granted.

Employees of Ozburn–Hessey Logistics, LLC ("OHL") began a drive to unionize in 2009. The Board ruled that OHL violated § 8(a)(1) and § 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (3), when it threatened employees with loss of benefits if they unionized, when it interrogated employees, when it threatened employees with job loss if they participated in a strike, and when it disciplined and discharged employees who were active in the drive to unionize.

A violation of § 8(a)(1) occurs when an employer's conduct has a "reasonable tendency to coerce or to interfere" with an employee's right to engage in union activity. *Tasty Baking Co. v. NLRB*, 254 F.3d 114, 124 (D.C.Cir.2001) (citing *Avecor, Inc. v. NLRB*, 931 F.2d 924, 931 (D.C.Cir. 1991)). Substantial evidence supports the Board's determination that OHL engaged in such conduct. For example, a company official called an employee at her home to inquire about union activities. Questioning employees about union activities when unaccompanied by assurances against reprisal, and with no apparent legitimate purpose, can constitute coercive interrogation. *See Shamrock Foods Co. v. NLRB*, 346 F.3d 1130, 1137 (D.C.Cir.2003); *Avecor*, 931 F.2d at 931; *Midwest Reg'l Joint Bd. v. NLRB*, 564 F.2d 434, 443 (D.C.Cir.1977). The background of the questioning—occurring at the same time as management was spreading anti-union information—also suggests it was coercive. *See Perdue Farms, Inc., Cookin' Good Div. v. NLRB*, 144 F.3d 830, 835 (D.C.Cir.1998).

The record also supports the Board's conclusion that OHL threatened employees with loss of benefits if they voted to unionize. Another company official "told employees that they would lose their gain share bonuses and other benefits if they were to vote in the Union." *Ozburn–Hessey Logistics, LLC*, 357 NLRB No. 136, 2011 WL 6147441, at *1, *7 (Dec. 9, 2011). It is well established that threatening to

penalize employees if they choose union representation is a violation of § 8(a)(1). *See Avecor*, 931 F.2d at 931–32.

■ Section 8(a)(3) makes it unlawful for an employer to discourage membership in a labor organization by discriminating in regard to any term or condition of employment. *See Fortuna Enters., LP v. NLRB*, 665 F.3d 1295, 1303 (D.C.Cir.2011). The Board, adopting the hearing officer's report, found that OHL violated § 8(a)(3) when it disciplined several employees and discharged two of them. OHL was aware that these employees were engaged in union activities before it acted. OHL management had expressed views hostile to the union and engaged in activity to discourage unionization. The employees were all disciplined on the same day, shortly after the union campaign began. These factors are sufficient to state a prima facie case. *Fortuna Enters.*, 665 F.3d at 1303.

■ OHL's attempt to rebut the prima facie case relies on testimony the hearing officer reasonably discredited. OHL asks us to disregard the credited testimony, but it fails to show the credibility determinations were "patently unsupportable." *See Shamrock Foods Co.*, 346 F.3d at 1134. In addition, the hearing officer faulted OHL for failing to conduct an investigation before disciplining these employees. Longstanding Board precedent holds that " '[t]he failure to conduct a meaningful investigation or give the employee [accused of wrongdoing] an opportunity to explain'

are clear indicia of discriminatory intent." *Bantek West, Inc.*, 344 N.L.R.B. 886, 895 (2005) (quoting *K & M Elecs.*, 283 N.L.R.B. 279, 291 n. 45 (1987)). OHL argues that this caselaw is inapposite because it involved management's failure to investigate an allegation by a co-employee rather than an incident witnessed by management. The failure to investigate is no less problematic when management credits its own partial view of a situation than when it credits one employee's view over another's. As the hearing officer pointed out, in each instance of discipline, management could not have understood the whole situation without further investigation. *See, e.g., Ozburn–Hessey Logistics, LLC*, 2011 WL 6147441, at *32.

We have considered and rejected OHL's additional arguments against the Board's decision.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.